SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ALPHAMEDICA, INC.,

               Plaintiff,

- against -

MICHAEL K. FAUST,

               Defendant.

Index No.: 4887-07

**AFFIRMATION OF STUART KAGEN**

    STUART KAGEN, an attorney admitted to practice in the courts of the State of New York, affirms under the penalty of perjury:

    1.    I am Counsel to the law firm of Wollmuth Maher & Deutsch LLP, counsel for Plaintiff AlphaMedica, Inc. ("Plaintiff" or "AlphaMedica"). As such, I am fully familiar with the facts stated below and submit this affidavit in support of AlphaMedica's application for a temporary restraining order and preliminary injunction.

    2.    Pursuant to 22 N.Y.C.R.R. § 202.7(f) and, to the extent applicable, Rule 20 of the Rules of the Commercial Division of the Supreme Court, this application is not being made upon notice due to the significant prejudice that AlphaMedica would suffer were it forced to wait by providing such notice.

    3.    As demonstrated by the affidavits of Andy Galler, Kelli A. Mooney, Kerri Riccardo and William R. Stroemer, all sworn to March 21, 2007 (the "AlphaMedica Affidavits") and annexed to Plaintiff's application, Defendant Michael K. Faust ("Defendant" or "Faust") has already threatened to, and apparently begun to take steps, to cause irreparable injury to AlphaMedica with the express purpose of jeopardizing its very survival.

4.     On March 20, 2007, two days ago, AlphaMedica's board of directors accepted Faust's resignation at a duly noticed meeting. Later, during the evening of that same day, Faust, the former Chief Executive Officer of AlphaMedica, threatened a senior executive officer by telephone pledging to: (a) "tear the company apart"; (b) "destroy" the careers and reputations of several of AlphaMedica's senior executive team; and (c) "destroy" vital, ongoing multi-million dollar contractual relationships AlphaMedica currently has with at least two companies: Pfizer Inc. and Allergan Inc.

5.     Faust also stated during this telephone call that he had already begun to "set in motion" efforts to destroy those contractual relationships.

6.     Given Faust's actions as attested to in the AlphaMedica Affidavits, including but not limited to Defendant's unyielding efforts to "destroy" Plaintiff, giving Defendant notice of Plaintiff's application would serve to afford Defendant additional time to cause irreparable harm to Plaintiff. It would also delay the possibility of seeking relief in this Court and thus exacerbate the risk of imminent harm that AlphaMedica now faces.

6.     No prior request has been made for the relief sought by Plaintiff's application.

7.     I declare that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
       March 21, 2007

_Stuart Kagen_